FILED
SUPERIOR COURT
OF GUAM

2018 JAN 30 AM 11: 11

CLERK OF COURT

By:_____ JN

IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMNAL CASE NO. CM 0776-16 |
|---|---|
| Plaintiff, | |
| v. | DECISION AND ORDER ON DEFENDANT'S MOTION FOR DEFERRED PLEA WHERE AG NOT OFFERING A DEFERRED PLEA |
| JESSE JOHN NEDEDOG TOPASNA, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on December 19, 2017, upon Defendant's Motion for Deferred Plea Where AG Not Offering a Deferred Plea. Defendant Jesse John Nededog Topasna ("Defendant") was represented by Assistant Public Defender Richard S. Dirkx. The People of Guam ("People") were represented by Assistant Attorney General Basil O'Mallan. After reviewing the pleadings and oral arguments, for the reasons set forth below, the Court DENIES Defendant's Motion for Deferred Plea Where AG Not Offering a Deferred Plea.

## BACKGROUND

The People of Guam charged Defendant with two counts of Family Violence (as a Misdemeanor), and one count of Fourth Degree Criminal Sexual Conduct (as a Misdemeanor) by way of Magistrate's Complaint on November 9, 2016. Defendant waived his right to speedy trial on November 10, 2016. On November 25, 2016, Defendant requested a jury trial of six persons.

On December 7, 2016, pursuant to 9 GCA § 30.80, the People filed a notice informing Defendant of his eligibility for the Family Violence Deferred Plea Agreement process and the People's intent to offer Defendant a deferred plea in this matter. On January 30, 2017, the People filed a motion to withdraw the previously filed Notice and Eligibility for Family Violence Deferred Plea. The People stated that, although Defendant was statutorily eligible for a deferred plea, the People choose not to extend an offer in this matter. The People cited the existence of a Fourth Degree Criminal Sexual Conduct charge as the reason for rescinding their offer for a plea.

Defendant filed his Motion for Deferred Plea Where AG Not Offering a Deferred Plea ("Motion for Deferred Plea"), on October 17, 2017. The People filed its Opposition to Defendant's Motion for Deferred Plea on November 13, 2017. Defendant filed his Reply to the People's Opposition on November 17, 2017.

The Court heard Defendant's Motion for Deferred Plea during a motion hearing on December 19, 2017. At the conclusion of the motion hearing, the Court took this matter under advisement.

## DISCUSSION

Title 9 Guam Code Annotated Sections 30.80 permits an eligible defendant accused of committing family violence to be allowed to enter a deferred guilty plea in the criminal proceedings and referred for education, counseling and/or treatment program(s) directed specifically to the violent conduct of the defendant. This is the case so long as the defendant is not specifically ineligible for a deferred plea by any of the reasons set forth in § 30.80.1(a)(1)-(4).

The People must determine a defendant's eligibility and notify the defendant of the People's intentions on whether to offer a deferred plea agreement. 9 GCA §§ 30.80.1(c),(d). If the People find eligibility but choose not to offer a deferred plea, the defendant may motion the Court for a deferred plea agreement. 9 GCA § 30.80.1(e).

Section 30.80.2 requires the Court to consider several factors in adjudicating the motion: 1) the nature and extent of the injury inflicted upon the victim, 2) any prior incidents of family

violence by the defendant, and 3) any factors which would adversely influence the likelihood of successful completion of the deferred guilty plea agreement. 9 GCA § 30.80.2. The Court applies the facts of this matter to the three statutory factors.

The People charged Defendant with two counts of Family Violence (as a Misdemeanor), and one count of Fourth Degree Criminal Sexual Conduct (as a Misdemeanor) through a Magistrate's Complaint. The People have filed a Notice Re: Defendant's Eligibility for Family Violence Deferred Plea Agreement Pursuant to 9 GCA §§ 30.80 and 30.80.1. The People deemed defendant eligible for a deferred plea under the factors of § 30.80, and initially agreed to offer a deferred plea agreement. However, the People moved to withdraw their offer citing the charge of Fourth Degree Criminal Sexual Conduct (as a Misdemeanor) as their reason for withdrawal.

The deferred plea procedures established by § 30.80 et. seq. are relevant to the charge of misdemeanor family violence, but do not provide for deferred pleas to crimes prohibited by in other chapters in the criminal code. Defendant's Reply brief states that the Court can accept a deferred plea to family violence, and allow a separate disposition for the criminal sexual conduct charge. However, should the Court grant the Defendant's motion, the family violence charge would be resolved with a deferred plea, but the criminal sexual conduct charge would still be outstanding. The Defendant would be undergoing family violence treatment while facing another criminal charge. If he is eventually convicted and has to spend time in prison, treatment that was taking place outside of prison would be disrupted. This amounts to a factor which would adversely influence the likelihood of successful completion of the deferred guilty plea agreement, in the terms of 9 GCA § 30.80.2(a).

The defendant's prospective deferred plea to family violence and the resulting treatment risks being derailed by the proceedings required to adjudicate the other charges against him. The Court suggests that a plea agreement encompassing all of the charges against Defendant may be more appropriate. Therefore, the Court finds that a deferred plea agreement would not be appropriate in this matter. Accordingly, the Court DENIES Defendant's Motion for Deferred Plea.

# CONCLUSION

For the reasons set forth above, the Court finds that a deferred plea agreement would not be appropriate in this matter. Accordingly, the Court DENIES Defendant's Motion for Deferred Plea.

JAN 3 0 2018

**IT IS SO ORDERED this** _____.

**HONORABLE ARTHUR R. BARCINAS**

**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_AG's, PDSC_

Date:_1/30/18_ Time:_12pm_

_JB_

Deputy Clerk, Superior Court of Guam